Justice DURHAM
concurring in the result:
830 Because I disagree with the court's analysis in Part III, I write separately to explain my views on the role of appellate review of the contract at issue in this case. The majority opinion concludes that the court of appeals correctly determined that there 'were "disputed issues of material fact" concerning the seope and meaning of the pre-surgery consent forms signed by Ms. Judge. I am not persuaded that there are any such material facts in dispute; the court of appeals was asked to interpret specific contractual language, and I do not believe that Saltz has offered any plausible interpretations of that language, let alone any extrinsic evidence that could constitute a "fact" capable of being disputed, that render it ambiguous. Absent ambiguity, it falls to the appellate courts to construe the language. Mind & Motion Utah Invs., LLC v. Celtic Bank Corp., 2016 UT 6, ¶ 24, 367 P.3d 994. And courts decide as a matter of law whether a contractual provision is ambiguous, Keith v. Mountain Resorts Dev., L.L.C., 2014 UT 32, ¶ 17, 337 P.3d 213.
¶ 31 The language in question deals with the use of photographs taken of Ms. Judge, as follows:
CONSENT FOR SURGERY/PROCEDURE OR TREATMENT
[[Image here]]
5. I consent to be photographed or televised before, during, and after the operation(s) or procedure(s) to be performed, including appropriate portions of my body, for medical, scientific or educational purposes, provided my identity is not revealed by the pictures. "
6. For purposes of advancmg medical ed-ueation, I consent to the admittance of observers to the operating room.
'DURE OR TREATMENT." 182 As the majority opinion points out, Baltz's view of this language renders a see-ond form with identical language used by his office, and called a Limited Consent Form-which Ms. Judge did not sign-redundant. Furthermore, Saltz's construction of the foregoing language-that it reflects Ms. Judge's agreement that her medical photographs could be released with identifying information to the commercial media-is in my view entirely inconsistent with the consent form's plain language: While the term "educational," outside of the context of this particular form, might be susceptible to a meaning as broad as Saltz claims here, when read in conjunction with the use of the term "medical education" in paragraph 6, it seems clear to me that the seope of the term must be limited to the context of medical treatment and related medical and scientific education. This reading is bolstered by the nature of the document itself, The form is labeled a "CONSENT FOR - SURGERY/PROCE-It is entirely focused on Ms. Judge's medical treatment, including use of tissue, risks, fees for services, use of anesthesia, ete. The notion that it covers the release of treatment-related documents for Saltz's publicity-related purposes is antithetical to the idea of a consent to treatment.
133 I also conclude that this court must construe the plain meaning of the language "provided my identity is not revealed by the pictures." - Actually, the majority opinion does just that-observing that "Saltz's inter *1018 pretation of this provision is clearly unreasonable, and we reject that interpretation." Supra ¶ 27. Nevertheless the majority appears to consider the. provision to be ambiguous and declines to interpret it, I cannot agree-the only remaining reasonable interpretation of the language, once Saltz's theory has been rejected, is that the language "revealed by the pictures" encompasses the release of photographs.accompanied by explicit identifying labels, as happened here. Once again, I do not see any disputed evidence in this record that would support the notion of ambiguity in the language. . It is true that Ms. Judge. did not request summary judgment below and we are not in a position to grant her such relief on appeal, but that procedural cireumstance does not require a remand for consideration of "ambiguities" or factual disputes that do not exist in the record. We have been asked to construe the language of the consent form, and I see no ambiguity requiring extrinsic evidence thereof on remand. |
{34 But even if one of the disputed consent form provisions were ambiguous, this court still must interpret the form as a matter of law because the parties have not presented any valid extrinsic evidence that would. create a dispute of material-fact, A contractual ambiguity is a prerequisite to the admission of extrinsic evidence purporting to resolve the ambiguity, Ivory Homes, Ltd. v. Utah State Tax Comm'n, 2011 UT 54, ¶ 12, 266 P.3d 751. If, however, the parties do not present extrinsic evidence, courts must resolve the ambiguity by using the" usual interpretative tools. No doubt in many cases parties do not present extrinsic evidence that is relevant to an ambiguous term-either because they elect not to or because there is simply no valid extrinsic evidence to be had. In such cases, courts are required to say what even an ambiguous contractual provision means in order to determine the rights and obligations of the parties under the agreement.
85 In this case, Saltz argued in the trial court that it was entitled to summary judgment because the signed consent form an-thorized it to release Ms. Judge's pictures to the news media with accompanying identifying information. Ms. Judge responded by arguing that the consent form did not give Saltz this authority. Ms. Judge. also produced an affidavit in which she declared that she "never understood 'medical, scientific or educational purposes' to mean that I was consenting to have my nude photographs released to the media." But Ms. Judge's personal understanding of the meaning of the consent form's terms is not valid extrinsic evidence that the district court could consider. Cf. Mind & Motion, 2016 UT 6, ¶ 42 ("[Llatent ambiguities are objectively verifiable and ordinarily cannot be proven based on the parties' subjective understanding of contractual terms. Therefore, affidavits and other evidence that fails to identify a collateral matter are not 'relevant to showing a latent ambiguity." (footnote omitted)).
36 Thus there was no valid extrinsic evidence relevant to the interpretation of the consent form for the district court to consider during the summary judgment proceeding. For this reason, I disagree with the majority's conclusion that "disputed issues of fact clearly remain regarding the meaning of the pre-surgery consent forms." Supra ¶ 28. In the absence of any extrinsic evidence, the only question before the district court (and this court) is what do the phrases "educational purposes" and "provided my identity is not revealed by the pictures" mean within the context of the consent form? Regardless of whether these phrases are deemed to be ambiguous or not, in the absence of valid extrinsic evidence presented by the parties, this is a legal question to be resolved by a court, It is not a factual question to be resolved by a jury. | ‘
T37 I therefore agree with the majority's conclusion that Saltz was not entitled to summary judgment on the intrusion on seclusion claim. But, as noted above, I arrive at this conclusion because I have determined as a matter of law that the consent form does not mean what Saltz says it means. I see no disputed issues of fact to be resolved on remand regarding the proper interpretation of the consent form.